## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| _____ ) | |
| **CHRIS HEATH** ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **CIVIL COMPLAINT** |
| ) | |
| **ENHANCED RECOVERY** ) | |
| **COMPANY, LLC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| _____ ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Chris Heath, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.      Plaintiff, Chris Heath, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),  which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4.      Plaintiff, Chris Heath is an adult natural person residing at 6222 Godfrey Avenue, Dallas, TX 75217.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Enhanced Recovery Company, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the State of Texas and Florida with an office located at 8014 Bayberry Road, Jacksonville, FL 32256.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.      In or around December 2010, Defendant began contacting Plaintiff on a daily basis.

8.      Plaintiff was admitted to the hospital on December 2, 2010 and did not return home until December 22, 2010.  Upon returning home, Plaintiff's answering machine was full to its capacity of prerecorded messages left by Defendant.

9.      Defendant's messages were automated stating that Defendant was calling in regard to a debt belonging to "Tamesha Heath" and a reference number of 377-25255.

10.     Plaintiff does not know the individual for whom the Defendant is attempting to collect on.

11.     Plaintiff has lived at the same residence since 1993.

12.     Once Plaintiff returned home from his hospital stay and was able to retrieve incoming phone calls, Plaintiff has relentlessly informed Defendant that "Tamesha Heath" does not live there and that Plaintiff does not know anyone by that name.

13.     Defendant's agents refused to listen to Plaintiff's request to have the phone number removed and would continue to talk over Plaintiff as if Defendant had the right person.

14.     Plaintiff has never received written correspondence from the company addressed to "Tamesha Heath."

15.     Plaintiff continues to tell Defendant not to call and to remove his phone number from Defendant's database.

16.     Defendant's phone calls have become disruptive to Plaintiff's daily life and are a great nuisance due to the fact that Defendant has the wrong phone number.

17.     Defendant's calls are harassing in nature and have yet to cease.

18.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

22.     The above paragraphs are hereby incorporated herein by reference.

23.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

§§ 1692e:         Any other false, deceptive, or misleading

representation or means in connection with the debt

collection

§§ 1692f:         Any unfair or unconscionable means to collect or

attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant, Enhanced Recovery Company, LLC for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT II – TCPA

25.     The above paragraphs are hereby incorporated herein by reference.

26.     At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently

violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

27.     The foregoing acts and omissions constitute violations of the TCPA, including but

not limited to:

a.      The Defendant used an automatic telephone dialing system that had capacity to

store or produce telephone numbers using random or sequential number generation and dialed

the telephone number associated with the Plaintiff.

b.      The Defendant initiated telephone calls to Plaintiff's telephone using artificial and

prerecorded voice to deliver a message without the prior consent of the Plaintiff.

c.      The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Enhanced Recovery Company, LLC and Order the following relief:

a.      Actual damages;

b.      Statutory damages;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.      Treble damages.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date:  February 7, 2011**            **BY:  /s/  Bruce K. Warren**
                                       Bruce K. Warren, Esquire


                                       **BY:  /s/  Brent F. Vullings**
                                       Brent F. Vullings, Esquire

                                       Warren & Vullings, LLP
                                       93 Old York Road
                                       Suite 333
                                       Jenkintown, PA  19046
                                       215-745-9800   Fax 215-745-7880
                                       Attorneys' for Plaintiff