IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS HEATH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  3:11-CV-00242-K |
| | § | |
| ENHANCED RECOVERY | § | |
| COMPANY, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT'S PARTIAL RULE 12(B)(6) MOTION AND BRIEF IN SUPPORT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Enhanced Recovery Company, LLC ("ERC"), moves to dismiss in part the Complaint filed against it by Chris Heath ("Heath" or the "Plaintiff"), and would respectfully show the Court as follows:

**I.**

**SUMMARY OF MOTION**

Plaintiff alleges that ERC violated section 1692c(a)(1) of the Fair Debt Collection Practices Act (the "FDCPA") and the Telephone Consumer Protection Act[1] (the "TCPA") by continuing to call his residential telephone using a prerecorded message in an attempt to collect a debt from an individual he does not know even after he informed ERC that it had the wrong number.  However, as described in detail below, Plaintiff lacks standing to bring a private cause of action under section 1692c(a)(1) of the FDCPA and section 227(b)(1)(B) of the TCPA due to

---

[1] Plaintiff fails to identify the specific sections of the TCPA that he alleges ERC violated.   However, the facts alleged in his complaint only accuse ERC of the following:  (1) leaving a prerecorded message on his residential answering machine without his consent and (2) using an automatic telephone dialing system to call his residential telephone that was not in compliance with the technical and procedural standards set forth by the TCPA.  As such,

the Plaintiff's status as a non-consumer and ERC's status as a "debt collector." Specifically, only consumers have standing to bring an action under section 1692c(a)(1) and "debt collectors" are exempted from section 227(b)(1)(B). Furthermore, Plaintiff fails to state a cause of action under section 227(d)(1)(A) of the TCPA as he fails to assert any facts necessary to support this allegation. Accordingly, these claims should be dismissed with prejudice.

## II.

## FACTUAL BACKGROUND[2]

1. ERC left automated messages on Plaintiff's residential answering machine in an attempt to collect a debt from "Tamesha Heath." (See ECF No. 1, ¶ 9)

2. Plaintiff does not know any individual by the name of "Tamesha Heath." (See ECF No. 1, ¶¶ 10 and 12 and 16).

3. The calls at issue were placed to the Plaintiff's residential telephone and any messages left by ERC were recorded on Plaintiff's residential answering machine. (See ECF No. 1, ¶¶ 8, 11 and 12).

4. Although Plaintiff informed ERC that it had the wrong number, ERC continued to place calls to Plaintiff's residential telephone. (See ECF No. 1, ¶¶ 12, 13, 15, 16 and 17).

5. Plaintiff claims that such actions by ERC violate § 1692c(a)(1) of the FDCPA.

6. Plaintiff also claims that such actions by ERC violated the TCPA in the following respects: (1) ERC "used an automatic telephone dialing system that had the capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with Plaintiff"; (2) ERC "initiated telephone calls to Plaintiff's

---

Plaintiff at most alleges that ERC violated sections 227(b)(1)(B) and 227(d)(1)(A) of the TCPA. See 47 U.S.C. §§ 227(b)(1)(B) and 227 (d)(1)(A). Therefore, ERC's argument is focused on those relevant sections.

[2] For purposes of this motion only, Defendant accepts as true the factual allegations of the Complaint reiterated herein.

2

telephone using [sic] artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff"; and (3) ERC "initiated communication [sic] to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA." (See ECF No. 1, ¶ 27).

## III.

## MOTION TO DISMISS

For the reasons stated below, Plaintiff lacks standing to assert claims pursuant to section 1692c(a)(1) of the FDCPA and sections 227(b)(1)(B) and 227(d)(1)(A) of the TCPA. First, Plaintiff lacks standing to assert a claim under section 1692c(a)(1) of the FDCPA as he admittedly is not a "consumer." Second, Plaintiff lacks standing to assert a claim under section 227(b)(1)(B) because "debt collectors' are exempted from this section. Last, Plaintiff fails to state a cause of action under section 227(d)(1)(A) as he fails to assert any facts necessary to support this allegation. Accordingly, these claims should be dismissed with prejudice.

### A.   Standard for Motion to Dismiss.

In order to survive a motion to dismiss, a plaintiff is obligated "to provide the grounds of his entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, 550 U.S. at 555.

The Supreme Court has emphasized that a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements" when considering a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quotations omitted). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [party against whom the relief is sought] is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**B.     Plaintiff Fails to State a Claim Under Section 1692c(a)(1) the FDCPA.**

Courts have consistently held that only the actual debtor[3] - the "consumer" - has standing to bring a claim pursuant to section 1692c of the FDCPA. *Montgomery v. Huntington Bank,* 346 F.3d 693, 696-97 (6th Cir.2003) (holding that only a consumer has standing to bring a claim under section 1692c of the FDCPA) (quotations omitted); *see also Bank v. Pentagroup Financial, LLC,* 2009 WL 1606420, at *4 (E.D.N.Y. June 9, 2009); *see also Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410, at *6 (M.D.Fla. July 14, 2006) (same); *Mathis v. Omnium Worldwide,* 2006 WL 1582301, at *4 (D.Or. June 4, 2006) (same); *Mantell v. Feingold & Levy,* 1997 WL 45313, at *3 (N.D.Ill. Jan.30, 1997) (same); *See Prophet v. Myers*, 2009 WL 1437799 (S.D.Tex. May 21, 2009) (holding that non-debtor did not have standing to bring a claim under any provision of the FDCPA as the collection efforts were not directed at the non-debtor plaintiff); *cf.* s*ee Thomas v. Consumer Adjustment Co.,* 579 F.Supp.2d 1290, 1299 (E.D.Mo.2008) (although a "close question," the non-consumer had standing under section 1962c(b) due to the unique facts alleged of direct harm). Such cases rely on the express

---

[3] The FDCPA defines "consumer" as the debtor or more specifically as "any natural person obligated or allegedly obligated to pay any debt." See 15 U.S.C. § 1692a(3).

language of section 1692c of the FDCPA as well as the contrasting language of other provisions of the FDCPA.

For instance, certain provisions of the FDCPA, such as section 1692c, are expressly limited to only protect the "consumer," while other provisions are expressly more encompassing as they protect "any person" and thus non-consumers as well as consumers. For instance, section 1692c(a)(1) states:

> COMMUNICATION WITH THE CONSUMER GENERALLY.
>
> Without the prior consent of ***the consumer*** given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate ***with a consumer*** in connection with the collection of any debt—
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

15 U.S.C. 1692c(a)(1) (emphasis provided). In contrast, section 1692d states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse ***any person*** in connection with the collection of a debt.

15 U.S.C. 1692d (emphasis provided).

Therefore, in order for the Plaintiff to have a cause of action under section 1692c(a)(1), he must be the person obligated to pay the debt at issue. For instance, in *Pentagroup*, the court recognized that certain substantive provisions of the FDCPA only protect consumers, while other substantive provisions, such as section 1692d, protect non-consumers as well as consumers. *Pentagroup,* 2009 WL at *4. As section 1692c contains express language limiting its application to "consumers," the court held that plaintiff lacked standing to bring a claim as he was not a

consumer. *Id.* In doing so, the court stated the following:

> The section, read as a whole, is clearly intended to protect the rights of the consumer rather than the rights of third parties. The purpose of § 1692c is to protect the consumer's privacy and reputation. However, to the extent persons who are not consumers are contacted by debt collectors in circumstances that amount to harassment, they are not without remedy. As discussed below, non-consumers may bring claims pursuant to § 1692d.

*Id.*

Applying the express language of the FDCPA and the case law described above to the issue at hand, Plaintiff's claims under section 1692c(a)(1) should be dismissed because the Plaintiff is admittedly not the consumer with regard to the alleged debt and therefore he lacks standing to bring such a claim. Accordingly, Plaintiff's claims under section 1692c(a)(1) of the FDCPA should be dismissed with prejudice.

### C.   **Plaintiff Fails to State a Claim Under the TCPA.**

#### 1.   Debt Collectors Are Exempted From Section 227(b)(1)(B).

The TCPA makes it unlawful for any person within the United States "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempt by rule or order by the [FCC][4] . . . ." *See* 47 U.S.C. § 227(b)(1)(B). Since the enactment of the TCPA, the FCC has exempted debt collectors from section 227(b)(1)(B). See 47 C.F.R. § 64.1200(a)(2).

---

[4] The TCPA provides that the FCC "may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the [FCC] may prescribe …. such classes or categories of calls made for commercial purposes as the [FCC] determines--(I) will not adversely affect the privacy rights that this section is intended to protect; and (II) do not include the transmission of any unsolicited advertisement . . 47 U.S.C. § 227(b)(2)(B).

Specifically, in 1992, the FCC issued a Report and Order (the "1992 Ruling"), expressly exempting debt collectors from section 227(b)(1)(B) of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, ¶ 3. For instance, the FCC stated:

> that an express exemption from the TCPA's prohibitions for debt collection calls is unnecessary because such calls are adequately covered by exemptions we are adopting here for commercial calls which do not transmit an unsolicited advertisement and for established business relationships.
> ….
> Whether the call is placed by or on behalf of the creditor, prerecorded debt collection calls would be exempt from the prohibitions on such calls to residences as……commercial calls which do not adversely affect privacy rights and which do not transmit an unsolicited advertisement.

*Id.*. at 8773, ¶ 39. Since the 1992 Ruling, the FCC has issued at least two subsequent Rulings that reaffirm the "debt collector" exemption.

First, in 1995, the FCC released a Memorandum Opinion and Order (the "1995 Ruling") confirming again that debt collectors are exempted from section 227(b)(1)(B). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12400, ¶17. For instance, the FCC succinctly stated:

> Our rules explicitly exempt calls made either by a party with whom the subscriber has an established business relationship or calls that do not transmit an unsolicited advertisement and are made for a commercial purpose. . . . We have specifically noted that prerecorded debt collection calls are exempt from the prohibitions on prerecorded calls to residences as commercial calls which do not transmit an unsolicited advertisement.

*Id.* at 12400, ¶ 17.

In 2008, the FCC issued a Declaratory Ruling (the "2008 Ruling") reconfirming its agreement with the 1995 Ruling that debt collection calls are exempted from section

227(b)(1)(B). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 561-62, ¶¶ 4, 5. Specifically, the FCC stated:

> In the [1992 Ruling], the Commission concluded that an express exemption for debt collection calls to residences was unnecessary as such calls fall within the exemptions adopted for commercial calls which do not transmit an unsolicited advertisement . . . .In 1995, the Commission released a Memorandum Opinion and Order addressing petitions for reconsideration of the [1992 Ruling]. Among other things, the Commission clarified that . . . prerecorded debt collection calls are exempted from Section 227(b)(1)(B) of the TCPA which prohibits prerecorded or artificial voice messages to residences . . . .
> ……..
> "[W]e agree . . . that calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing."

*Id.* at 561-62, ¶¶ 4,5 and 565, ¶ 11.

In line with the FCC's Rulings, courts have consistently held that debt collectors are exempted from section 227(b)(1)(B) of the TCPA. *See Meadows v. Franklin Collection Service, Inc.*, 2010 WL 2605048, at *6 (N.D. Ala. June 25, 2010) (FCC's determination that all debt collection circumstances are excluded from TCPA's coverage is broad enough to cover debt collection calls to a non-debtor), *aff'd in relevant part*, 2011 WL 479997 (11th Cir. Feb. 11, 2011); *Pugliese v.Professional Recovery Service, Inc.*, 2010 WL 2632562, at *7 (E.D.Mi. June 29, 2010) (automated debt collection calls made to plaintiffs' residential telephone line are exempt from the TCPA's requirements) (citing *Bates v. I.C. Systems, Inc.*, 2009 WL 3459740, *1 (W.D.N.Y., Oct.19, 2009) ("[D]ebt collection calls made to a residential line are exempt from the TCPA.")).

For instance, in *Meadows,* both the district and circuit courts specifically rejected the plaintiff's argument that the "debt collector" exemption established by the FCC does not apply to

non-debtors and instead applied the clear and unambiguous FCC's Rulings. *Meadows*, 2011 WL at *4. For instance, the Eleventh Circuit held as follows:

> [B]ecause [the debt collection agency] had an existing business relationship with the intended recipient of its prerecorded calls, and the calls were made for a commercial, non-solicitation purpose, . . . those calls are exempt from the TCPA's prohibitions of prerecorded calls to residences.. . . [T]he FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage, and thus the exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt. Otherwise, a debt collector that used a prerecorded message would violate the TCPA if it called the debtor's number and another member of the debtor's family answered.

*Id.*.

Applying the FCC Rulings and the case law above to the issue at hand, ERC is exempted from section 227(b)(1)(B) because of its undisputed status and role in this case as a debt collector. As such, the calls purportedly placed to the Plaintiff's residential telephone were commercial calls and therefore are exempted from section 227(b)(1)(B) of the TCPA. Accordingly, Plaintiff's claims under section 227(b)(1)(B) of the TCPA should be dismissed with prejudice.

    2.    <u>Plaintiff Fails to State a Cause of Action Under Section 227(d)(1)(A).</u>

Section 227(d)(1)(A) of the TCPA prohibits any person from within the United States to make a telephone call using an automatic telephone dialing system that does not comply with the technical and procedural standards prescribed under that subsection. 47 U.S.C. 227(d)(1)(A). Although Plaintiff concludes ERC violated the TCPA, Plaintiff not only fails to even state a single fact to support this allegation but also fails to even identify specific sections of the TCPA that ERC allegedly violated. Under both *Twombly* and *Iqbal*, such legal conclusions cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1949 (2009) (a

complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quotations omitted). Accordingly, Plaintiff's claims under the TCPA should be dismissed with prejudice.

## IV.

## CONCLUSION

**WHEREFORE**, ERC prays that Plaintiff's claims be dismissed and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ David L. Paschall*_____
**David L. Paschall**
**TX State Bar No. 15553800**
**Goins, Underkofler, Crawford & Langdon, LLP**
1201 Elm Street, Suite 4800
Dallas, Texas  75270
(214) 740-9944
(214) 969-5902 (Fax)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2011, I electronically filed the foregoing Defendant's Partial Rule 12(b)(6) Motion and Brief in Support with the clerk of court using the CM/ECF system which will send a notice of electronic filing to the following parties:

| | | |
|---|---|---|
| Brent K. Vullings | Bruce Warren | Joshua A Smith |
| Warren & Vullings, LLP | Warren & Vullings, LLP | 4621 S Cooper |
| bv@w-vlaw.com | bkw@w-vlaw.com | Suite 131-126 |
| 93 Old York Road, Ste. 333 | 93 Old York Road, Ste 333 | Arlington, TX 76017 |
| Jenkintown, PA 19046 | Jenkintown, PA 19046 | lawyerjosh@hotmail.com |

                                           */s/ David L. Paschall*
                                             David L. Paschall